OFFICE OF DISCIPLINARY COUNSEL *v.* SOUERS.

[Cite as *Disciplinary Counsel v. Souers* (1993), 66 Ohio St.3d 199.]

(No. 92–2531—Submitted March 9, 1993—Decided May 12, 1993.)

*J. Warren Bettis,* Disciplinary Counsel, and *Dianna L. Chesley,* Assistant Disciplinary Counsel, for relator.

*Yost & Yost* and *Stephen T. Yost; Gottfried & Palmer Co., L.P.A.,* and *Gary J. Gottfried,* for respondent.

*Per Curiam.* We reject the board's conclusions of law and recommendation for two reasons. First, Canon 3(A)(6) permits public judicial comment to explain court procedure.[1] Respondent's defense of his sentencing order, while less than judicious, was provided to publicly explain his procedure in the underlying criminal case. Thus, we cannot discipline respondent for conduct the canon expressly authorizes.

Second, neither respondent's attempt to defend his order nor his articulated reluctance to comply with the court of appeals' ruling is sufficiently pernicious to justify any disciplinary sanction. Respondent's disagreement with the court of appeals' disposition was already suggested from each court's judgment. Moreover, respondent ultimately did file a second sentencing order as the court of appeals instructed.

Gov.Bar R. V(8)(D) requires us to enter the order we find proper in all disciplinary matters that come before us. In this case, we consider a dismissal of the complaint against respondent the only just result. Thus, we take no disciplinary action and dismiss the instant complaint.

*Judgment accordingly.*

---

1. Canon 3(A)(6) states, in full:

   "A judge should abstain from public comment about a pending or impending proceeding in any court, and should require similar abstention on the part of court personnel subject to his direction and control. *This subsection does not prohibit judges* from making public statements in the course of their official duties or *from explaining for public information the procedures of the court.*" (Emphasis added.)

A.W. SWEENEY, Acting C.J., WRIGHT, RESNICK and PFEIFER, JJ., concur.

F.E. SWEENEY, J., dissents and would order a public reprimand.

MOYER, C.J., and DOUGLAS, J., not participating.

PFEIFER, J., concurring. I concur in the majority's decision to dismiss the complaint against respondent. In finding that respondent violated Canon 3(A)(6), the board crossed the bright line marking respondent's First Amendment right to speak freely.